# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-203-RJC-DCK

| | |
|---|---|
| SELENE WITHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KEVIN K. MCALEENAN, Secretary, ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, TRANSPORTATION ) | |
| SECURITY ADMINISTRATION AGENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendant's Partial Motion To Dismiss Plaintiff's Complaint …" (Document No. 10) filed August 14, 2019 and *pro se* Plaintiff's "…First Amended Complaint" (Document No. 12) filed August 26, 2019. The pending motion to dismiss has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

The undersigned finds that *pro se* Plaintiff Selene Withers has timely filed an Amended Complaint within twenty-one (21) days of Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b). As such, the undersigned will direct that "Defendant's Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(B)(6)" (Document No. 10) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, as appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that **"**Defendant's Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(B)(6)**"** (Document No. 01) be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff shall file copies of relevant EEOC documents, including her Charge Of Discrimination and Notice Of Right To Sue, on or before **September 30, 2019**.

The Clerk of Court is directed to send a copy of this Order to pro se Plaintiff by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: August 30, 2019

David C. Keesler
United States Magistrate Judge