IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-203-RJC-DCK

| | |
|---|---|
| SELENE WITHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| KEVIN K. MCALEENAN, SECRETARY ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, TRANSPORTATION ) | |
| SECURITY ADMINISTRATION AGENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Partial Motion To Dismiss Plaintiff's First Amended Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

**I. PROCEDURAL BACKGROUND**

Selene Withers ("Plaintiff" or "Withers"), appearing *pro se*, initiated this action with the filing of her "Complaint" (Document No. 1) on April 30, 2019. Defendant Kevin K. McAleenan, Acting Secretary for the Department of Homeland Security, of which the Transportation Security Administration ("TSA") is a component agency, filed a "…Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 10) on August 14, 2019. *Pro se* Plaintiff then filed her "…First Amended Complaint" (Document No. 12) on August 26,

2019.  Based on Plaintiff's timely amendment pursuant to Fed.R.Civ.P. 15, the undersigned denied Defendant's first motion to dismiss as moot on August 30, 2019.  (Document No. 13).

Defendant then filed his second "…Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 16) on September 9, 2019.  The Court issued a <u>Roseboro</u> "Order" (Document No. 17) on September 10, 2019, advising Plaintiff that she had a right to respond to the motion to dismiss <u>and</u> that "[f]ailure to file a timely and persuasive response may lead to the partial dismissal of this lawsuit."  (Document No. 17, p. 2).  Plaintiff was also "reminded that she has been directed to file copies of relevant EEOC documents, including her Charge of Discrimination and Notice Of Right To Sue,"  (Document No. 17, p. 1) (citing Document No. 13, p. 3).

To date, Plaintiff has failed to file any response to Defendant's "… Partial Motion To Dismiss" (Document No. 16).  Plaintiff *did* file a "… Notice Of Filing EEOC Documents" (Document No. 20) which attaches copies of an "Individual Complaint Of Employment Discrimination" (Document No. 20-1) dated March 18, 2011, and a "Decision" (Document No. 20-2) by the U.S. Equal Employment Opportunity Commission ("EEOC") from an appeal by Plaintiff of a February 26, 2015, agency final order concerning an employment discrimination complaint.  The EEOC appellate Decision is dated February 7, 2019, and advises the Complainant of the right to file a civil action in a "United States District Court **within ninety (90) calendar days**."  (Document No. 20-2, pp. 6-7).  Plaintiff's filing does not address the arguments in the pending motion to dismiss, or even acknowledge that motion.  (Document No. 20).

This matter is now ripe for review and recommended disposition to the Honorable Robert J. Conrad, Jr.

2

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(b)(1).  The plaintiff has the burden of proving that subject matter jurisdiction exists.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."  Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, 945 F.2d at 768.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Factual Background**

"Plaintiff's First Amended Complaint" (Document No. 12) (the "Amended Complaint") asserts that Withers was an employee of the Transportation Security Administration ("TSA") from approximately September 30, 2007 to June 27, 2012, as a lead transportation security officer ("LTSO") at Charlotte Douglas International Airport. (Document No. 12, pp. 2, 5-9). "Plaintiff was responsible for the security screening of passengers and baggage." (Document No. 12, p. 5).

4

Plaintiff contends that in early 2010 she sustained a foot injury on the job.  Id.  Plaintiff then filed a claim for workers compensation on or about June 28, 2010, due to plantar fasciitis of her left foot.  Id.  Plaintiff alleges that beginning in October 2010, Defendant began denying Plaintiff the opportunity to "work overtime since she had an injury and was receiving workers compensation."  Id.  Plaintiff then alleges that she "did not have restrictions that prevented her to work, in fact Plaintiff's doctor not[e] provided that Plaintiff could work with reasonable accommodations made."  Id.  "Defendant refused to make reasonable accommodations for Plaintiff's disability" and required her "to stand for the duration of her work days despite her foot injury."  (Document No. 12, pp. 5-6).

Plaintiff further contends that white male co-workers were allowed to sit while working, and were allowed to work overtime, even if they were disabled or receiving workers compensation. (Document No. 12, p. 6).  Plaintiff further alleges that she filed complaints with the EEOC alleging discriminatory practices, but that her conditions only got worse and she was "the scape goat for every incident that took place in her presence."  Id.  According to Plaintiff, she was terminated on June 27, 2012, based on three (3) alleged security breach incidents on October 4, 2010, September 13, 2011, and May 21, 2012.  (Document No. 12, pp. 7-9).

The Amended Complaint states that Plaintiff timely filed charges of discrimination with the EEOC and that the EEOC issued her Notice of Right to Sue on or about February 7, 2019. (Document No. 12, p. 4).  As such, Plaintiff contends this action was timely filed.  Id.

The Amended Complaint asserts claims for:  (1) "Discriminatory Hostile Work Environment Discrimination due to Individual's Race and Sex … Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a);" (2) "Race and Sex … Based Discrimination… in Violation of Title VII;" (3) Retaliation … in Violation of Title VII;" and (4) "Anti-Retaliation

Law North Carolina Law Against retaliation (REDA) N.C. Gen. Stat. Ann. §§ 95-240-95-245."
(Document No. 12, pp. 11-18).

**B. Partial Motion To Dismiss**

Defendant now seeks dismissal of Plaintiff's First, Second, and Third claims under Title VII, "pursuant to Rule 12(b)(6) *to the extent* they are premised on and complain of alleged acts that were complained of and adjudicated in a 2017 EEOC decision upon which Plaintiff has not timely filed her Complaint." (Document No. 16, p. 1) (emphasis added); see also (Document No. 16-2, pp. 3-15). Defendant also seeks dismissal of Plaintiff's Fourth claim brought under North Carolina law, "pursuant to both Rules 12(b)(1) and 12(b)(6), as Plaintiff has failed to plead waiver of sovereign immunity for this claim and further fails to state a valid claim even if she had." (Document No. 16, p. 1).

The crux of Defendant's motion for partial dismissal is that Plaintiff's claims are premised on two separate EEOC decisions – one for which Plaintiff timely filed her Complaint with this Court within the 90-day window (the 2019 Decision, Document No. 16-2, pp. 20-26), and one for which she did not (the 2017 Decision, Document No. 16-2, pp. 3-15). (Document No. 16-1, p. 2). Therefore, Defendant argues that only those claims adjudicated in the 2019 Decision can survive. Id.

Defendant notes that the 2017 EEOC Decision was issued on May 3, 2017. (Document No. 16-1, p. 12)(citing Document No. 16-2, pp. 14-15). As such, Plaintiff's 90-day window to challenge that decision had "long since passed," by the time Plaintiff filed her original Complaint on April 30, 2019. Defendant acknowledges that parsing the individual allegations in the Amended Complaint by EEOC decision is difficult, but asserts that the 2019 EEOC Decision adjudicates claims arising from alleged agency actions prior to September 13, 2011. (Document

No. 16-1, pp. 12-13) (citations omitted). Accordingly, Defendant argues that the scope of Plaintiff's Title VII claims going forward must be limited to those arising before September 13, 2011, that were considered by the 2019 EEOC decision. (Document No. 16-1, p. 13).

In addition, Defendant argues that Plaintiff's fourth claim based on North Carolina's Retaliatory Employment Discrimination Act ("REDA") "fails to plead a valid waiver of sovereign immunity . . . and it should therefore be dismissed pursuant to Rule 12(b)(1)." (Document No. 16-1, p. 8). Defendant's brief includes the following helpful analysis:

> As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity. *Durden v. United States*, 736 F.3d 296, 301 (4th Cir. 2013). "[I]t is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Plaintiff appears to allege that the FTCA provides a waiver of immunity for her REDA claim. *See* Am. Compl. at 14. It does not.
> Workers' compensation for federal employees is governed by federal law, the Federal Employee's Compensation Act, 5 U.S.C. § 8102. *See, e.g., Rosales v. Martinez*, 134 F.3d 369, 1997 WL 811827, at *1 (5th Cir. 1997) (per curiam) ("Rosales' workers' compensation retaliation claim under Texas law was properly dismissed as Rosales was a federal employee not covered by Texas workers' compensation law. Rather, Rosales is covered by [FECA] . . ."). FECA itself does not "afford a cause of action in federal district court to an employee who claims he was discharged in retaliation for filing a FECA claim." *Brown v. Potter*, No. CIV.A. 06-695, 2009 WL 3297295, at *4 (E.D. Pa. Oct. 9, 2009) (internal alterations omitted).
> Nor does the FTCA provide any purchase for Plaintiff's attempt to bring this claim—premised on her participation in the TSA's workers' compensation program—outside of the ambit of federal law by repackaging it under North Carolina law. Instead, Title VII and related discrimination laws, such as the Civil Service Reform Act of 1978 (CSRA), provide a comprehensive remedial scheme that preempts all other remedies with respect to federal employment.

(Document No. 16-1, pp. 8-9) (citations omitted).  Defendant then notes that even if Plaintiff could bring a REDA claim against TSA, it would be precluded here for failure to exhaust administrative remedies.  (Document No. 16-1, p. 10).

> Plaintiff never complied with the statutory prerequisite of filing a complaint with the North Carolina Department of Labor within the mandatory 180 day time-period and obtaining a right-to-sue letter. *See* N.C. Gen. Stat. § 95-243(e) ("An employee may only bring an action under this section when he has been issued a right-to-sue letter by the Commissioner."); *Hurth v. Bradman Lake Grp. Ltd*., No. 3:08 CV 370-MR-DSC, 2009 WL 2497993, at *6 (W.D.N.C. Aug. 14, 2009) ("Additionally, prior to filing a lawsuit against an employer for violation of REDA, a plaintiff must file an administrative claim with the North Carolina Department of Labor . . . Where it is undisputed that Plaintiffs have never filed an administrative charge with the Department of Labor, their REDA claim and derivative public policy claim are barred.") (citing *Brackett v. SGL Carbon Corp*., 158 N.C. App. 252, 257 (2003) ("[W]e hold the 180–day time limit for filing a REDA claim with the NCDOL is mandatory").  Therefore, Plaintiff's REDA claim additionally and alternatively fails under Rule 12(b)(6).

(Document No. 16-1, p. 11).

Defendant also argues that Plaintiff's claims that survive may only proceed against Kevin K. McAleenan, Acting Secretary for the Department of Homeland Security.  (Document No. 16-1, p. 3).  Any claims against TSA itself should be dismissed.  Id.

As noted above, despite receiving a Roseboro Order from the Court, *pro se* Plaintiff failed to file any response to Defendant's second motion for partial dismissal.  Pursuant to the Court's instruction to file relevant EEOC documents, Plaintiff did re-file a copy of the EEOC's 2019 Decision and its underlying discrimination complaint.  (Document No. 20-1).  Notably, Plaintiff did not file the 2017 Decision, and thus seems to acknowledge that this matter should be focused on review of the 2019 Decision.

Based on Defendant's persuasive arguments, and the lack of any argument or authority rebutting those arguments, the undersigned will recommend that the partial motion to dismiss be

8

granted. As such, the scope of the claims in this lawsuit should be limited to events prior to September 13, 2011.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Partial Motion To Dismiss Plaintiff's First Amended Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 16) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that *pro se* Plaintiff be directed to file a Second Amended Complaint that is consistent with the Court's findings on the appropriate scope of Plaintiff's Title VII claims.

<u>The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested</u>.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: April 27, 2020

David C. Keesler
United States Magistrate Judge