UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00203-RJC-DCK

| | |
|---|---|
| SELENE WITHERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEVIN K. MCALEENAN, Secretary, )<br>Department of Homeland Security, )<br>Transportation Security Administration, )<br>and TRANSPORTATION SECURITY )<br>ADMINISTRATION, Department of )<br>Homeland Security, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** comes before the Court on Defendants' motion to dismiss, (Doc. No. 16), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 21).

I. BACKGROUND

On April 30, 2019, Plaintiff filed her pro se complaint against Defendants. (Doc. No. 1.) On August 14, 2019, Defendants filed a motion to dismiss the complaint. (Doc. No. 10.) On August 26, 2019, Plaintiff filed a pro se amended complaint. (Doc. No. 12.) As a result, Defendants' motion to dismiss was denied as moot on August 30, 2019. (Doc. No. 13.)

Plaintiff's amended complaint asserts claims for (1) hostile work environment under Title VII of the Civil Rights Act of 1964, (2) race- and sex-based discrimination under Title VII, (3) retaliation under Title VII, and (4) violation of

the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 et seq. (Doc. No. 12.) On September 9, 2019, Defendants filed the instant motion to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. No. 16.) Defendants seek dismissal of Plaintiff's first, second, and third claims under Title VII to the extent that they are based on acts that were complained of and adjudicated in a 2017 decision by the Equal Employment Opportunity Commission ("EEOC"). Defendants also seek dismissal of Plaintiff's fourth claim under REDA. In the M&R, the Magistrate Judge found that the scope of the claims in this lawsuit should be limited to events prior to September 13, 2011 and recommended that this Court grant Defendants' motion and direct Plaintiff to file a second amended complaint. (Doc. No. 21, at 9.) Thereafter, Plaintiff filed a response to the M&R. (Doc. No. 23.)

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

After de novo review of the record, the M&R, and Plaintiff's response to the M&R, the Court concludes that the recommendation to grant Defendants' motion to

2

Case 3:19-cv-00203-RJC-DCK Document 25 Filed 08/13/20 Page 2 of 3

dismiss is fully consistent with and supported by current law. Plaintiff's response to the M&R fails to make any objection thereto and instead asks that a decision be postponed. (Doc. No. 23.) However, there is no valid basis for postponing ruling on Defendants' motion to dismiss. Therefore, the Court adopts the M&R.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 21), is **ADOPTED**;

2. Defendants' motion to dismiss, (Doc. No. 16), is **GRANTED**; and

3. **Within fourteen (14) days**, Plaintiff is directed to file a second amended complaint consistent with this Order and the M&R. Specifically, Plaintiff's claims under Title VII should be limited to events prior to September 13, 2011.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge