# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-203-RJC-DCK

| | |
|---|---|
| SELENE WITHERS, | ) |
|          **Plaintiff,** | ) |
| v. | )   **MEMORANDUM AND** |
| | )   **RECOMMENDATION** |
| KEVIN K. McALEENAN, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION, | ) |
|          **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss For Failure To Prosecute" (Document No. 26). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. PROCEDURAL BACKGROUND

Selene Withers ("Plaintiff" or "Withers"), appearing *pro se*, initiated this action with the filing of her "Complaint" (Document No. 1) on April 30, 2019. Defendant Kevin K. McAleenan, Acting Secretary for the Department of Homeland Security, of which the Transportation Security Administration ("TSA") is a component agency, filed a "…Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 10) on August 14, 2019.[1]

---

[1] Defendant notes that Alejandro Mayorkas, Secretary for the Department of Homeland Security, of which the Transportation Security Administration ("TSA") is a component agency, should be substituted as Defendant in this action. (Document No. 26, p. 1).

*Pro se* Plaintiff then filed her "…First Amended Complaint" (Document No. 12) on August 26, 2019. Based on Plaintiff's timely amendment pursuant to Fed.R.Civ.P. 15, the undersigned denied Defendant's first motion to dismiss as moot on August 30, 2019. (Document No. 13).

Defendant then filed a second "…Partial Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 16) on September 9, 2019. The Court issued a <u>Roseboro</u> "Order" (Document No. 17) on September 10, 2019, advising Plaintiff that she had a right to respond to the motion to dismiss <u>and</u> that "[f]ailure to file a timely and persuasive response may lead to the partial dismissal of this lawsuit." (Document No. 17, p. 2). Plaintiff was also "reminded that she has been directed to file copies of relevant EEOC documents, including her Charge of Discrimination and Notice Of Right To Sue," (Document No. 17, p. 1) (citing Document No. 13, p. 3).

On April 27, 2020, the undersigned issued a "Memorandum And Recommendation" (Document No. 21). The undersigned recommended that "Defendant's Partial Motion To Dismiss Plaintiff's First Amended Complaint Pursuant To Rules 12(B)(1) and 12(B)(6)" (Document No. 16) be granted and that "Plaintiff be directed to file a Second Amended Complaint that is consistent with the Court's findings on the appropriate scope of Plaintiff's Title VII claims." (Document No. 21, p. 9).

The Honorable Robert J. Conrad, Jr. issued an "Order" (Document No. 25) on August 13, 2020, adopting the "Memorandum And Recommendation" (Document No. 21) and directing Plaintiff to file a Second Amended Complaint, within fourteen (14) days, limited to Plaintiff's claims under Title VII prior to September 13, 2011. Plaintiff has failed to file a Second Amended Complaint, or to make any other filing, since Judge Conrad's Order in August 2020.

"Defendant's Motion To Dismiss For Failure To Prosecute" (Document No. 26) was filed on April 15, 2021. Based on Plaintiff's failure to file an amended complaint, Defendant now asserts that this action should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Document No. 26).

Plaintiff failed to file a timely response to the pending motion to dismiss by April 29, 2021. On May 5, 2021, the undersigned issued a "Roseboro Order" advising *pro se* Plaintiff that she had a right to file a response to Defendant's motion, and that failure to do so may lead to dismissal of the Complaint. (Document No. 27). Plaintiff was ordered to show cause on or before May 14, 2021, why this action should not be immediately dismissed. Id. To date, Plaintiff has declined to file any response to the pending motion or to the Court's most recent Orders.

This matter is now ripe for review and recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Rule 41 allows for the involuntary dismissal of an action where a plaintiff fails to comply with a court order or fails to prosecute his or her case. Fed.R.Civ.P. 41(b). Specifically, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule— except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). The Court also has the inherent power to dismiss an action on its own for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). In determining whether to dismiss a case for failure to prosecute, the Court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a

drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). "The enunciated criteria do not represent a rigid balancing test or specific facts that must be found before involuntary dismissal is appropriate. Rather, 'the propriety of a dismissal of the type involved here depends on the particular circumstances of the case.'" Medlin v. Trull, 3:03-CV-269-RJC, 2006 WL 435941, at *1 (W.D.N.C. Feb. 21, 2006) (quoting Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)).

### III. DISCUSSION

In support of the motion to dismiss, Defendant effectively addresses each of the Hillig criteria set forth above. (Document No. 26, pp. 3-5). The undersigned will briefly summarize Defendant's arguments.

First, Defendant contends that "Plaintiff bears sole responsibility for failing to prosecute this action." (Document No. 26, p. 3). Defendant notes that the Court has issued Roseboro notice(s) advising *pro se* Plaintiff of the consequences of failing to respond to motions/orders, and she has still failed to participate. Id.

Second, Defendant asserts that Plaintiff's failure to prosecute does cause prejudice, including further increasing the length of time from the alleged events underlying this action. (Document No. 26, pp. 3-4). Specifically, Plaintiff's failure to prosecute hampers Defendant's ability to gather evidence and mount a defense regarding alleged discrimination prior to September 2011.

Third, Defendant contends that Plaintiff has a history of proceeding in a dilatory fashion. (Document No. 26, p. 4). Defendant notes that Plaintiff has repeatedly failed to make timely filings

4

and even that some of her claims have already been dismissed because they were untimely filed. Id.

Fourth, and finally, Defendant concludes that no other sanction other than dismissal would be effective. The history of this case suggests Defendant is correct since various warnings and extensions have failed to prompt Plaintiff to participate in prosecuting her case.

In short, the undersigned finds Defendant's arguments to be persuasive and consistent with relevant legal authority.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss For Failure To Prosecute" (Document No. 26) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 18, 2021

David C. Keesler
United States Magistrate Judge